# IN THE COURT OF APPEALS OF IOWA

No. 14-0970
Filed December 9, 2015

**ARON MICHAEL MOSS,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Boone County, Timothy J. Finn, Judge.

An applicant appeals the district court's denial of his application for postconviction relief. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik and Kelli Huser, Assistant Attorneys General, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ. Danilson, C.J., takes no part.

**MULLINS, Judge.**

Aron Michael Moss was convicted of second-degree murder for the death of Shane Hill. The facts of the crime and the underlying proceedings are appropriately detailed in our opinion in Moss's direct appeal and need not be repeated here. *See State v. Moss*, No. 08-1224, 2009 WL 3381053, at *1, *5-6 (Iowa Ct. App. Oct. 21, 2009). Following our decision, Moss filed an application for postconviction relief (PCR) asserting eighteen claims of error. The district court denied his application, and Moss appeals claiming his appellate counsel and postconviction counsel were ineffective (1) for not challenging the trial court's refusal to admit impeachment testimony against an accomplice and (2) for not challenging the court's failure to provide the jury more instruction in response to the jury's questions regarding the definition of aiding and abetting.

Daniel Blair was first convicted of first-degree murder for the killing of Shane Hill—the husband of Blair's lover, Jessica Hill. Blair then testified at Moss's trial that it was Moss who pulled the trigger killing Shane Hill. In this PCR appeal, Moss claims the trial court should have admitted testimony from Lisa Lewis as impeachment evidence against Blair. Lewis would have testified Blair told her that he helped aim the gun for Moss, who pulled the trigger. Moss claims the trial court should have permitted this testimony as it impeached Blair's testimony and both appellate counsel and PCR counsel should have raised the issue. Because, in his opinion, the case hinged on whether the jury believed him or Blair, Moss claims he was prejudiced by counsel's errors.

The trial court did permit the testimony of two other witnesses for impeachment purposes, each of whom testified Blair admitted he was the one who shot Shane Hill. Unlike these other two witnesses, the district court excluded Lewis's testimony on the basis it was not materially different from Blair's testimony and was irrelevant. Lewis's testimony was consistent with Blair's testimony with respect to who pulled the trigger—Moss—but varied from Blair's testimony in that Lewis would have testified Blair told her he helped aim the gun for Moss. This was inconsistent with Blair's testimony that he was in another room when Moss fired the gun. The district court determined the issue of what room Blair was in when the gun was fired was not material to the case and Lewis's testimony of who fired the gun was not inconsistent with Blair's testimony. Therefore, the court ruled Lewis's testimony was not admissible for impeachment purposes.

Moss claims his counsel in the direct appeal was ineffective for not raising this issue and claims his PCR counsel should have made the claim at the PCR proceeding that appellate counsel was ineffective. Both claims boil down to whether the district court abused its discretion in excluding Lewis's testimony. If there was no abuse of discretion, appellate counsel cannot be found ineffective for failing to raise the issue, and as a result, PCR counsel cannot be found ineffective for not challenging appellate counsel's effectiveness. *See State v. Halverson*, 857 N.W.2d 632, 635 (Iowa 2015) ("Counsel, of course, does not provide ineffective assistance if the underlying claim is meritless.").

"[A] witness may be impeached by showing his testimony upon a material matter is inconsistent with a prior statement made by him." *State v. Bishop*, 387 N.W.2d 554, 559 (Iowa 1986). But, "[t]he subject of the inconsistent statement, if it is to be admissible, must be material and not collateral to the facts of the case." *State v. Fowler*, 248 N.W.2d 511, 520 (Iowa 1976). We conclude the district court did not abuse its discretion in excluding Lewis's testimony by concluding the inconsistent aspect of Blair's statement to Lewis (where Blair was located when Moss fired the gun) was not material to the case. Therefore, appellate counsel was not ineffective in failing to raise this issue on direct appeal, and PCR counsel was not ineffective in failing to challenge appellate counsel's effectiveness at the PCR hearing.

Moss also claims trial counsel and PCR counsel were ineffective in not challenging the trial court's failure to further instruct the jury when the jury asked for insight or further definition on the aiding and abetting instruction. The jury was instructed on aiding and abetting but asked the judge,

> We are struggling [with] 1 thing.
> [1] It states that "mere knowledge of the crime is not enough to prove [']aiding and abetting[']." Does this refer to knowledge of the crime before it happened? Does it need to be joined with proof that he encouraged or gave consent? Could you offer insight or further define aiding and abetting?

The judge responded, "You have inquired regarding the language in the instruction relating to 'aiding and abetting.' The jury instructions embody the law necessary for your deliberations. You are advised to review the instructions previously given to you and continue your deliberations." Moss's trial counsel and the State agreed the judge's response was appropriate. On appeal in this

PCR action, Moss claims trial counsel was ineffective in not requesting the judge further instruct the jury on aiding and abetting. He also claims his PCR counsel was ineffective in not presenting this claim at the PCR trial. Again, the issue boils down to whether the court properly responded to the jury's question. If the response was correct, trial counsel cannot be found ineffective at the criminal trial, and thereby, PCR counsel cannot be found ineffective at the PCR hearing for failing to challenge trial counsel's effectiveness.

The jury's question indicates it was confused as to the implication of the timing of Moss's knowledge of the commission of the crime. The original jury instruction for aiding and abetting provided:

> "Aid and abet" means to knowingly approve and agree to the commission of a crime, either by active participation in it or by knowingly advising or encouraging the act in some way *before or when it is committed.* Conduct following the crime may he considered only as it may tend to prove the Defendant's earlier participation. Mere nearness to, or presence at, the scene of the crime, without more evidence, is not "aiding and abetting." Likewise, *mere knowledge of the crime is not enough to prove "aiding and abetting."*

(Emphasis added.) The jury instruction given clearly says mere knowledge of the crime is not enough to prove aiding and abetting. In addition, the instruction provides the approval, agreement, participation, advice, or encouragement must come before or at the time the act is committed. We conclude the court did not abuse its discretion in telling the jury to reread the instructions already given as the instructions contained the answers to the jury's questions. *See* Iowa R. Civ. P. 1.925 ("While the jury is deliberating, the court may *in its discretion* further instruct the jury, in the presence of or after notice to counsel." (emphasis

added)).  Because any objections by trial counsel would have been meritless, any claim PCR counsel would have made against trial counsel's actions would likewise have been meritless.  *See State v. Brothern*, 832 N.W.2d 187, 192 (Iowa 2013) ("We will not find counsel incompetent for failing to pursue a meritless issue.").

We affirm the district court's denial of Moss's PCR application.

**AFFIRMED.**